# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                                          |     |                        |
| ---------------------------------------- | --- | ---------------------- |
| BRP HOLD OX, LLC, and TDBBS, LLC,        | )   |                        |
|                                          | )   |                        |
|                                          | )   |                        |
| Plaintiffs/Counterclaim Defendants,      | )   |                        |
|                                          | )   |                        |
|                                          | )   | C.A. No. N18C-04-116 CLS |
| v.                                       | )   |                        |
|                                          | )   |                        |
| WILLIAM CHILIAN,                         | )   |                        |
|                                          | )   |                        |
| Defendant/Counterclaim Plaintiff.        | )   |                        |
|                                          | )   |                        |

Date Submitted: November 29, 2018
Date Decided: December 6, 2018

On Defendant/Counterclaim Plaintiff William Chilian's
Motion for Reargument and for Leave to File an Amended Pleading.
**DENIED**.

K. Tyler O'Connell, Esquire & Travis J. Ferguson, Esquire, Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, Delaware, 19801. Attorneys for Plaintiffs/Counterclaim Defendants BRP Hold Ox, LLC and TDBBS, LLC.

David P. Primack, Esquire, & David W. Giattino, Esquire, McElroy Deutsch Mulvaney & Carpenter, LLP, 300 Delaware Avenue, Suite 770, Wilmington, Delaware, 19801. Attorneys for Defendant/Counterclaim Plaintiff William Chilian.

**Scott, J.**

1. Before the Court is Defendant's Motion for Reargument based on this Court's October 31, 2018 order, and for Leave to File an Amended Pleading. Defendant argues the Court misapprehended the application of the absolute litigation privilege to the facts in this case. Additionally, Defendant seeks to amend his Answer to clarify the factual basis of his Counterclaims.

2. Superior Court Civil Rule 15 (a) states that leave to amend a pleading shall be freely given when justice so requires. On May 29, 2018, a Scheduling Order was issued providing a July 30, 2018 deadline for filing Motions to Add or Amend. This deadline was not impacted by the November 15, 2018 Amended Scheduling Order. Defendant has not addressed the untimeliness of the Motion, nor that justice requires granting the Motion. Defendant's Motion for Leave to Amend the Pleading is Denied.

3. On a Motion for Reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the Motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A Motion for Reargument is not an

---

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).
[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[3] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5]

4. In support of the Motion for Reargument, Defendant does not present any newly discovered evidence, nor change in the law, nor any showing of manifest injustice. There is no basis to grant the Motion for Reargument.


For the foregoing reasons, Defendant's Motion for Reargument and for Leave to Amend the Pleading are **DENIED**.


    **IT IS SO ORDERED.**


/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[3] *Id.*

[4] *Brenner*, 2000 WL 972649, at *1.

[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)(citing *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007)).

3